IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES KLEINBROOK,

      Plaintiff,

v.                                                                                 No. 1:24-cv-00894-SCY

RIO RANCHO POLICE DEPARTMENT,
FNU LNU, Chief of Rio Rancho Police Department,
UNIVERSITY OF NEW MEXICO MEDICAL HOSPITAL and
FNU LNU, Chief Executive Officer of UNM Medical Hospital,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*,
ORDER TO SHOW CAUSE AND
ORDER DENYING MOTION FOR SERVICE OF SUMMONS**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed September 6, 2024 ("Complaint'), Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 6, 2024 ("Application"), and Plaintiff's Motion for Service of Summons, Doc. 4, filed September 6, 2024.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted.

>Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's expected income amount next month is $0.00; (ii) Plaintiff has $0.00 in cash and no funds in bank accounts; and (iii) Plaintiff is homeless. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and because Plaintiff is homeless and has no expected income next month, no cash and no funds in bank accounts.

**Order for Amended Complaint**

The only factual allegations in the Complaint state: "I was brought to the University of New Mexico Hospital two times and forced to stay overnight and give blood draws on two occasions. I was brought there by the Rio Rancho PD not under arrest and forced" and "for a show." Complaint at 2, 4. Plaintiff asserts the following claims: (i) "False imprisonment;" (ii) "4th Amendment violation;" (iii) "6th Amendment violation;" (iv) "Intentional infliction of

emotional distress;" and (v) "Medical malpractice (Civil RICO treble damages)." Complaint at 3-4.

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Complaint fails to state claims upon which relief can be granted for the following reasons.

There are insufficient factual allegations describing what each Defendant did to Plaintiff. The Complaint alleges the Rio Rancho Police Department took Plaintiff, who was not under arrest, to the UNM Hospital two times but does not describe when and under what circumstances the Rio Rancho Police Department took Plaintiff to the UNM Hospital. The Complaint alleges Plaintiff was forced to stay overnight at the UNM Hospital and give blood draws but does not allege who forced Plaintiff to stay overnight and give blood draws or otherwise describe the events or when they happened. There are no factual allegations explaining what the Chief of the Rio Rancho Police Department and the Chief Executive Officer of UNM Medical Hospital did to Plaintiff.

There are no factual allegations showing that the Rio Rancho Police Department is a suable entity. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

The Fourth Amendment[1] and the Sixth Amendment[2] list several specific rights. The Complaint does not identify which of those specific rights Plaintiff is alleging each Defendant violated. *See Nasious*, 492 F.3d at 1163 ("[T]o state a claim in federal court, a complaint must explain . . . what specific legal right the plaintiff believes [each] defendant violated."). Furthermore, statements such as "4th Amendment violation" and "6th Amendment violation" without factual allegations describing the alleged violations are not sufficient to state a claim. *See*

---

[1] The Fourth Amendment states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

[2] The Sixth Amendment states:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

There are no allegations identifying which Defendants falsely imprisoned Plaintiff or describing the false imprisonment. *See Romero v. Fay*, 45 F.3d 1472, 1480-81 (10th Cir. 1995) ("a police officer does not commit false imprisonment merely by arresting an individual who happens to be innocent. . . . 'We do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence . . . . *The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury*.'") (emphasis in original) (quoting *Baker v. McCollan*, 443 U.S. 137, 145-46 (1979) ("Respondent's innocence of the charge contained in the warrant, while relevant to a tort claim of false imprisonment in most if not all jurisdictions, is largely irrelevant to his claim of deprivation of liberty without due process of law. The Constitution does not guarantee that only the guilty will be arrested.")).

The Complaint does not contain allegations showing that any Defendant conducted the affairs of an enterprise through a pattern of racketeering activity.

> To plead a valid RICO claim, a plaintiff must plausibly allege that a defendant "(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity." *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016). "Racketeering activity" consists of the criminal offenses listed in 18 U.S.C. § 1961(1), and a "pattern" requires at least two racketeering acts committed within ten years of each other. 18 U.S.C. § 1961(5).
> . . . .
>
> According to the Supreme Court, a RICO pattern requires that the racketeering predicates relate to each other and amount to a threat of continued racketeering activity.
> . . . .
>
> racketeering predicates relate to each other if they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events."

*Johnson v. Heath*, 56 F.4th 851, 858-59 (10th Cir. 2022).

The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's claims pursuant to 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act. If Plaintiff asserts the Court should not dismiss the Section 1983 and the Racketeer Influenced and Corrupt Organizations Act claims, Plaintiff must file an amended complaint. The amended complaint must comply with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 10(b) ("A party must state its claims . . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances"). For each claim Plaintiff asserts pursuant to federal law, the amended complaint "must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Davison v. Grant Thornton LLP*, 582 F. App'x 773, 775 (10th Cir. 2014) (quoting *Firstenberg v. City of Santa Fe,* 696 F.3d 1018, 1023 (10th Cir.2012) and *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

The Court notifies Plaintiff that it does not have diversity jurisdiction over Plaintiff's state-law claims, such as those for medical malpractice and the torts of false imprisonment and intentional infliction of emotional distress. *See* 28 U.S.C. 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between – (1) citizens of different states"). To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). If the Court

dismisses Plaintiff's federal law claims, then the Court may dismiss Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**Motion for Service of Summons**

Plaintiff filed summons forms for the Rio Rancho Police Department and the University of New Mexico Medical Hospital which the Clerk's Office filed as a Motion for Service of Summons. The Court denies the Motion for Service of Summons without prejudice because Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 6, 2024, is **GRANTED.**

(ii)   Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

(iii)  Plaintiff's Motion for Service of Summons, Doc. 4, filed September 6, 2024, is **DENIED without prejudice.**

_____
**UNITED STATES MAGISTRATE JUDGE**