IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES KLEINBROOK,

    Plaintiff,

v.                                                                                       No. 24cv894 MLG/SCY

RIO RANCHO POLICE DEPARTMENT, FNU
LNU, Chief of Rio Rancho Police Department,
UNIVERSITY OF NEW MEXICO MEDICAL
HOSPITAL and FNU LNU, Chief Executive
Officer of UNM Medical Hospital,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court sua sponte, following the Court's Order to Show Cause. Doc. 16. Given Plaintiff's failure to comply with multiple Court orders and his failure to prosecute this case, I recommend dismissing this matter without prejudice.

## PROCEDURAL HISTORY

Plaintiff filed this complaint in federal court on September 6, 2024. Doc. 1. Along with the complaint, he filed a motion for in forma pauperis ("IFP") status, a motion for service,[1] and a form electing to receive email notifications. Docs. 2, 3, 4. On September 17, 2024, the Court granted Plaintiff's IFP application, denied his motion for service, and ordered Plaintiff to file an amended complaint that stated a claim against each defendant. Doc. 6. On September 18, in response to an email from Plaintiff to chambers, the Court entered an order advising Plaintiff of the rule against ex parte communication and informing Plaintiff that all communication to the

---

[1] To be precise, Plaintiff filed blank summons forms for the Rio Rancho Police Department and the University of New Mexico Medical Hospital, which the Clerk's office filed as a Motion for Service of Summons. Doc. 4; *see* Doc. 6 at 7.

Court should be addressed to "the Clerk of Court, United States District Court, District of New Mexico, using the address for the division [Albuquerque, Las Cruces or Santa Fe] where the subject case has been assigned." Doc. 7 (brackets in original).

On October 9, the Court entered a further Order Regarding Emailing Documents for Filing. Doc. 8. This order explained that

> On October 8, Plaintiff emailed the form "Consent to Proceed/Refusal to Consent to Proceed Before a United States Magistrate Judge" and an Amended Complaint to the CM/ECF Help Desk. Plaintiff stated he was refused entry to the courthouse to file the Amended Complaint because he does not have a photo ID and that he "[is] not able to submit documents via PACER because Judge Yarbrough has not recognized my case as being filed."

Doc. 8 at 1. The order informed Plaintiff his case was filed, and further advised:

> The Clerk's Office does not accept documents for filing via email. Parties may file documents by: (i) using the Case Management/Electronic Case Files ("CM/ECF") electronic filing system; (ii) delivering the documents to the Clerk's Office; or (iii) mailing the documents to the Clerk's Office at the following address:
>
> > Pete V. Domenici United States Courthouse
> > 333 Lomas Blvd. NW, Suite 270
> > Albuquerque, NM 87102

*Id.* at 2. The order concluded:

> **IT IS ORDERED** that:
>
> Plaintiff must file documents by delivering them to the Clerk's Office, by mailing them to the Clerk's Office or by filing a motion requesting permission to use CM/ECF. Documents submitted by email will not be filed.

*Id.* (emphasis in original).

Subsequently, Plaintiff sent two additional emails to the CM/ECF Help Desk on October 9, 2024, requesting that he be allowed to file documents via email on the grounds that he does not have the means to send documents by mail. Doc. 9 at 2. The Court directed the Clerk's office to accept Plaintiff's emailed amended complaint as a one-time exception to the filing rule. *Id.*;

2

*see* Doc. 10 (amended complaint, filed Oct. 16 and backdated to Oct. 9). The Court also ordered that Plaintiff would not be required to file any additional documents within 30 days of entry of the order to allow Plaintiff time to obtain a photo ID, and that Plaintiff may file documents electronically via CM/ECF. Doc. 9 at 2. The Court explained:

> Account registration forms, procedure manuals, and other information can be obtained at the Court's website at http://www.nmd.uscourts.gov/filing-information. This Order only grants Plaintiff permission to participate in CM/ECF; Plaintiff is responsible for registering to become a participant.

*Id.* Finally, the Court ordered that "Plaintiff's request to file additional documents via email is **DENIED.**" *Id.* at 3 (emphasis in original).

Pursuant to its duty to screen cases under 28 U.S.C. § 1915(e)(2), the Court entered a partial order of dismissal of counts in the amended complaint that failed to state a claim. Doc. 13 (dismissing Defendants UNM Foundation, the Rio Rancho Police Department, Kate Becker, Adam Crosby, and Greg Hull). With respect to the defendants who were not sua sponte dismissed, on December 23, 2024, the Court ordered Plaintiff to file, within the next 30 days, addresses for service under 28 U.S.C. § 1915(d). Doc. 14 (ordering addresses for Defendants University of New Mexico Health System and City of Rio Rancho). The Court further advised: "Failure to timely provide the addresses may result in dismissal of this case." Doc. 14 at 2.

Plaintiff did not file anything in response to this order. Instead, "Plaintiff sent another email to the CM/ECF Help Desk on January 22, 2025, requesting that he be allowed to file 'one last submission' via email on the grounds that he is homeless in Los Angeles, California." Doc. 15 at 1. The Court denied this request on February 3, observing that "Plaintiff does not explain why he has access to email but not the ability to use the Court's electronic filing system" and that "the CM/ECF helpdesk has sent instructions to Plaintiff on how to sign up to use the system." *Id.* at 1-2. The Court concluded:

3

> Finally, because this is the third time Plaintiff has been advised that he cannot file documents by email, the Court warns Plaintiff that it will not accept further documents for filing by email, nor will it enter another order explaining why Plaintiff's emailed documents were not filed on the docket.

*Id.* at 2.

Again, after this order, Plaintiff did not file anything on the docket. Therefore, on February 18, the Court entered an Order to Show Cause, briefly outlining the procedural history of this case and noting that Plaintiff had not complied with the order to file addresses for service for the two defendants remaining in the case. Doc. 16 at 1.

> Therefore, within 21 days from the date of this Order, Plaintiff is ordered to show cause in writing, by filing with the Court using any of the methods outlined in the Court's previous orders (*e.g.*, Doc. 8 at 2), why he failed to comply with the Court order to file addresses for service. Failure to do so may result in dismissal of Plaintiff's case for lack of prosecution and failure to comply with Court orders.

*Id.* at 1-2.

The deadline to respond to this order ran on March 11, 2025. To date, Plaintiff has not filed anything in response to the Order To Show Cause.

## **DISCUSSION**

Federal Rule of Civil Procedure 41(b) allows the court to dismiss an action if the plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b); *see also Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002) ("The Federal Rules of Civil Procedure authorize sanctions, including dismissal, for failing to appear at a pretrial or scheduling conference, and for failing to comply with court rules or any order of the court." (internal citations omitted)). Similarly, Rule 41(b) permits a court to dismiss an action or any claim for failing to prosecute that action or claim. *See* Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the

4

Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.").

Given Plaintiff's failure to file using the permissible methods the Court outlined, or to explain why he cannot do so, I recommend dismissing his case without prejudice for failure to comply with the Court's orders.

In addition, Plaintiff has filed to timely effect service of the amended complaint. Even assuming the filing of the amended complaint extended the deadline to effect service,[2] the amended complaint was filed on October 9, 2024, and service was therefore due January 7, 2025. Fed. R. Civ. P. 4(m). Plaintiff neither complied with the order to file addresses for service under 28 U.S.C. § 1915(d), nor requested a summons on the amended complaint from the Clerk of Court under Federal Rule of Civil Procedure 4(a) and (c)(1) in order to effect service himself. Absent an extension of time to serve, Federal Rule of Civil Procedure 4(m) requires the Court to dismiss the action without prejudice.

"Employing Rule 41(b) to dismiss a case without prejudice . . . allows the plaintiff another go at [compliance]; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures," such as an evaluation of the *Ehrenhaus* factors. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).[3]

---

[2] The filing of an amended complaint does not extend the time to serve defendants named in the original complaint. *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148-49 (10th Cir. 2006). It is not clear whether Plaintiff intended to name the same defendants in the original complaint and in the amended complaint. *Compare* Doc. 1 at 1, *with* Doc. 14 at 1 (changing the names of various defendants slightly). However, even giving Plaintiff the benefit of the additional time, the time to serve has long lapsed.

[3] An exception exists where the statute of limitations may bar refiling. *AdvantEdge Bus. Grp. V. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of

For these reasons, I recommend dismissing this action without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

limitations has expired."). Here, Plaintiff complains of events occurring in March 2024, and brings claims subject to the three-year statute of limitations for personal injury. NMSA § 37-1-8. Therefore, a dismissal without prejudice would not have the effect of a dismissal with prejudice.