IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES KLEINBROOK,

    Plaintiff,

    v.                                                                                                  Civ. No. 24-894 MLG/SCY

UNIVERSITY OF NEW MEXICO HEALTH
SYSTEM et al.,

    Defendants.

## ORDER FOR LIMITED DISCOVERY

This matter comes before the Court on Defendant City of Rio Rancho's Motion To Dismiss Amended Complaint, Doc. 30, and Defendant the University of New Mexico Health System's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, Doc. 37.

According to Plaintiff's Amended Complaint, on March 15, 2024, Plaintiff felt ill and called an ambulance. Doc. 9 at 3. The ambulance arrived and started to transport Plaintiff to the hospital. *Id.* Plaintiff changed his mind and tried to leave the ambulance. *Id.* Rio Rancho Police Department officers arrived at the scene and forced Plaintiff to go to UNM's Sandoval Regional Medical Center, which held him overnight involuntarily and took blood draws. *Id.* On March 28, 2024, Plaintiff had jars of paint solvent and gasoline in jars in the garage. *Id.* His roommate called Rio Rancho Police Department. *Id.* Rio Rancho Police Department officers entered Plaintiff's house and arrested him inside the house. *Id.* The officers took Plaintiff to the hospital, which once again kept Plaintiff overnight and took blood draws against his will. *Id.* Plaintiff alleges: "On both occasions my vital signs were excellent, I was alert and conscious, and exhibited nothing to [e]licit concern." *Id.*

As relevant to the present order and among other arguments, both Defendants contend in their motions to dismiss that Plaintiff's complaint must be dismissed because he has not identified the individuals responsible for the conduct alleged in the complaint. Doc. 30 at 8 ("Plaintiff does not name any individual police officers as Defendants, which makes it impossible to distinguish precisely what allegations are attributed to the actions of Rio Rancho police, or the City. In other words, the Amended Complaint does not make clear exactly *who* is alleged to have done *what* as distinguished from collective allegations against the City."); Doc. 37 at 11 ("[A] plaintiff must establish not only an alleged violation of a substantive right, but also identify the person, acting under color of State law, whose conduct proximately caused the violation. . . . In this case, plaintiff has only named the University of New Mexico Health Care System and has not identified the person who allegedly deprived plaintiff of any constitutional rights."). Defendants also argue that the individual officers, whether identified or not, should be entitled to the defense of qualified immunity. Doc. 30 at 10 ("Finally, to the extent Plaintiff's allegations are deemed directed to any individual employees or officials of the City, any such officials are shielded from liability under the doctrine of qualified immunity.").

In his response, Plaintiff argues that he does not know who arrested him and who forced him to stay for treatment at the hospital. Doc. 45. Plaintiff explains that he needs the discovery process in order to identify these individuals. *Id.*

"Discovery and scheduling are matters within the district court's broad discretion." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010). Ordinarily, when a defendant invokes qualified immunity, a stay of discovery is virtually automatic. In rare circumstances, however, limited discovery "tailored specifically to the question of" qualified immunity may be necessary. *Anderson v. Creighton,* 483 U.S. 635, 646-47, n.6 (1987). The identities of the police

2

officers and medical personnel in question is uniquely within the possession of Defendants, and discovery limited to identifying these individuals is not burdensome. As such, the Court finds that Plaintiff is entitled to limited discovery on this topic before the Court can consider all of the arguments raised in the motions to dismiss.

Therefore, the Court orders that:

1. Within 30 days of the date of this Order, Plaintiff may serve written discovery on Defendants, limited to the identities of the individuals Plaintiff contends are relevant to the conduct alleged in the amended complaint;

2. Defendants' responses will be due within 30 days of service of the discovery; and

3. Plaintiff shall file a Second Amended Complaint within 30 days of the receipt of the discovery responses.

All deadlines are subject to requests for reasonable extensions of time.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

3