IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES KLEINBROOK,

      Plaintiff,

    v.                                       Civ. No. 24-894 MLG/SCY

UNIVERSITY OF NEW MEXICO HEALTH
SYSTEM et al.,

      Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND**

Defendants University of New Mexico Health ("UNMH") and the City of Rio Rancho and Rio Rancho Police Department ("Rio Rancho Defendants") filed renewed motions to dismiss, which Plaintiff failed to timely respond to. Docs. 77, 78. Plaintiff subsequently filed a request[1] seeking additional time to respond to Defendants' motions and requesting additional relief. Doc. 81 ("Motion"). The Court will grant, in part, Plaintiff's Motion to Extend and permit Plaintiff fourteen days to file a late response to Defendants' motions to dismiss. All other relief requested in Plaintiff's Motion is denied.

**DISCUSSION**

As an initial matter, both Defendants read Plaintiff's motion as seeking leave to file another amended complaint. Doc. 82 at 1; Doc. 83 at 5. The Court, however, does not read the motion as requesting leave to amend, but as requesting an extension of time to respond to the

---

[1] "Motion for Extended Time To Respond To Motion(s) to Dismiss for Failure to State a Claim [Doc 77] [Doc 78] And To Submit A Motion For Briefing Complete at the Same." Doc. 81.

Page **1** of **5**

motions to dismiss.[2] *See* Doc. 81 (titled "Motion For Extended Time to Respond To Motion(s) to Dismiss for Failure to State a Claim [Doc. 77] [Doc. 78] And To Submit A Motion For Briefing Complete at the Same"); *see also* D.N.M.LR-Civ. 10.2 ("The title of a document must clearly identify its substance[.]"). Additionally, as further evidence that Plaintiff did not intend his motion to constitute a motion to amend, Plaintiff did not attach a proposed amended complaint as required by Local Rule 15.1. *See* D.N.M.LR-Civ. 15.1 (listing requirements). Accordingly, the Court will not construe the Motion as a request for leave to amend. If Plaintiff is intending to seek leave to amend, he should file a motion to amend, attaching the proposed amended complaint, within two weeks of the entry of this Order.

As to the requested extension, Defendants filed their motions on March 18, 2026, making Plaintiff's responses due on April 1, 2026. D.N.M.LR-Civ. 7.4(a) (requiring a response to be served and filed within fourteen calendar days). Because Plaintiff seeks an extension after the deadline to respond has expired, he must demonstrate that his failure to respond to Defendants' motions to dismiss was excusable neglect and the extension is for "good cause." Fed. R. Civ. P. 6(b)(1)(B). Defendants oppose Plaintiff's requested extension, arguing that Plaintiff failed to make these showings. Doc. 82 at 4; Doc. 83 at 3-5.

A determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Such circumstances include: "(1) the danger of unfair prejudice to the opposing party; (2) the length of the delay caused by the neglect and its

---

[2] In his motion, Plaintiff also discusses service on the individual Defendants and asks that service be deemed satisfactory. Doc. 81 at 3 . The Court addresses service on the individual Defendants in the contemporaneously filed Order to Show Cause.

impact on judicial proceedings; (3) the reason for delay, and whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party." *Id*.; *see also Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005) (applying the *Torres* standard of excusable neglect to an issue arising under Rule 6(b)). "The reason for delay is an important, if not the most important, factor in this analysis." *Hamilton v. Water Whole Intern. Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008).

The *Torres* factors weigh in favor of Plaintiff; therefore, Plaintiff's neglect is excusable. As to factor one—danger of unfair prejudice to Defendants—the interests of justice are furthered by allowing late filing of a response to Defendants' motions. Any prejudice to Defendants is minimal, as it merely ensures full briefing of the dispositive motions before consideration of the motions to dismiss.

As to factor two—the length of the delay caused by Plaintiff's neglect and its impact on judicial proceedings—the length of the delay would be minimal. Plaintiff requests an extension of twenty-five days. However, given that the motion for extension has already been pending for several weeks during the briefing period, such that Plaintiff has had time to contemplate his responses, the Court permits Plaintiff a fourteen-day extension of time. No trial date has been set and allowing Plaintiff an additional fourteen days to file a response to each motion would not unreasonably delay this case.

Third—the reason for delay and whether it was in Plaintiff's reasonable control— Plaintiff asserts he has "been homeless ever since the occurrence of these incidents due to the fallout of the police entering the home which [he] was residing[.]" Doc. 81 at 2. He notes that he recently moved on April 17, 2026, into an apartment in California. *Id.* Based on these statements, Plaintiff asserts a sufficient reason to excuse his delay in responding to Defendants' motions to

dismiss. Though Plaintiff should have sought an extension prior to the deadline, his reason for not timely filing weighs in his favor.

As to the fourth factor, the Court finds no indication that Plaintiff now seeks an extension in bad faith and concludes that Plaintiff acted in good faith in requesting additional time. Although Plaintiff failed to contact opposing counsel before seeking an extension, the record suggests that this omission stemmed from his unstable living circumstances. *See Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987) ("[S]ome showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required[.]") (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2 1304, 1305 (5th Cir. 1985)) (cleaned up). Accordingly, factor four weighs in Plaintiff's favor.

In sum, the *Torres* factors weigh in Plaintiff's favor and in favor of a finding of excusable neglect. Additionally, based on Plaintiff's asserted reason for his late filing, absence of prejudice, and absence of bad faith, there is good cause to permit Plaintiff to file a late response within fourteen days of this Order's filing. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."); *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016) (noting that the "good cause" standard should be liberally construed to advance the goal of trying each case on the merits).

## CONCLUSION

Accordingly, the Court **GRANTS IN PART** Plaintiff's Motion for Extension (Doc. 81). Plaintiff has until **July 1, 2026**, to respond to both University of New Mexico Hospital's Motion to Dismiss Second Amended Complaint (Doc. 77) and City of Rio Rancho and Rio Rancho Police Department's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 78).

Defendants have fourteen days to provide a reply and file their notices of completion of briefing as customarily permitted under D.N.M.LR-Civ. 7.4.

All other requests in Plaintiff's Motion are **DENIED**. If Plaintiff is intending to seek leave to amend, he should file a motion to amend, attaching the proposed amended complaint, by **July 1, 2026**.

**SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE