**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JAMES KLEINBROOK,

      Plaintiff,

      v.                                        Civ. No. 24-894 MLG/SCY

UNIVERSITY OF NEW MEXICO HEALTH
SYSTEM et al.,

      Defendants.

## <u>ORDER TO SHOW CAUSE</u>

This matter comes before the Court sua sponte. On March 6, 2026, the Court advised:

> Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, which
> provides that the "officers of the court shall issue and serve all process, and
> perform all duties in [proceedings in forma pauperis]." 28 U.S.C. § 1915(d). In
> order to affect service, within 30 days of entry of this Order, Plaintiff shall
> provide to the Court the service addresses for the unserved Defendants. Failure to
> timely provide the addresses may result in dismissal of this case against the
> unserved Defendants.

Doc. 72. Thirty days from entry of that order fell on April 6, 2026, and Plaintiff has not provided

the Court with the necessary addresses.

On April 22, 2026, in his Motion for Extended Time (Doc. 81), Plaintiff noted that he had

attempted to serve the twenty-four newly added individual Defendants via e-mail on March 6,

2026.[1] Such an email, however, did not comply with this Court's Order (Doc. 72) and does not

comply with the rules for service. *See* Fed. R. Civ. P. 4(e) (providing service requirements for

individuals); N.M.R.A. 1-004(F)(4) (permitting service by e-mail only by court order); *see also*

*Nichols v. Kansas Dept. of Corr.*, 503 Fed. App'x 573, 577 (10th Cir. 2012) ("[W]e know of

---

[1] Plaintiff explains that he attempted to serve these Defendants by emailing
"'regents'<regents@unm.edu; the Regents of The University of New Mexico, and 'legal'
legal@rrnm.gov; Josh Rubin, City Attorney Rio Rancho." Doc. 81 at 1.

nothing in the rules or case law indicating that service of a defendant can be effected merely by delivering a copy of the complaint to an attorney, certainly not an attorney who does not represent that defendant in the action.").

The Court understands that Plaintiff attempted service via e-mail because he "was not provided with individual home addresses nor e-mails of each of the Defendants of the RRPD nor UNMH when [he] was given their names" during this matter's limited discovery period. Doc. 81 at 1. Plaintiff did not, however, file a motion to compel in connection with any discovery Plaintiff claims Defendants should have, but did not provide. Nor does Plaintiff explain how he attempted to obtain the addresses of the individual defendants during the limited discovery period the Court provided.

A pro se plaintiff, however, "is responsible for prosecuting a case by providing valid addresses to serve a defendant." *Franklin v. Anaya*, No. 19-cv-899-KWR-GBW, 2024 WL 5244865, at *2 (D.N.M. Dec. 30, 2024). Given that the Court previously provided Plaintiff an opportunity to conduct discovery as to the individual Defendants, Plaintiff's explanation does not excuse failure to comply with the Court's Order for service addresses.

Therefore, by **July 8, 2026**, Plaintiff is ordered to: (1) file the addresses for the newly added twenty-four individual Defendants and (2) show cause in writing, sufficiently explaining why he failed to comply with the Court order to provide the addresses for service. Failure to provide the addresses for service may result in dismissal of the individual Defendants from the case.[2]

---

[2] While dismissal for failure to follow a Court Order and failure to serve would be without prejudice, because of the age of the case and the applicable statutes of limitation, such dismissal may effectively operate as dismissal with prejudice, meaning Plaintiff could not revive his claims against the dismissed Defendants.

**SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE